**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

In Re: Rule 45 Subpoena to FIDELITY
NATIONAL INFORMATION SERVICES,
INC.,

    Movant,                                                               CASE NO. 3:09-mc-29-J-25TEM

PRIVACASH, INC.,

    Plaintiff,

vs.

AMERICAN EXPRESS COMPANY, ET AL.,

    Defendants.
_____

## **O R D E R**

This miscellaneous matter comes before the Court on a number of motions and responses thereto. To wit, Non-Party Fidelity National Information Services' Motion to Quash PrivaCash's Subpoena Duces Tecum or in the Alternative, for a 30 Day Extension to Respond to the Subpoena (Doc. #1), the Request for Oral Argument (Doc. #2) filed by Non-Party Fidelity National Information Services, Plaintiff's Brief Opposing Non-Party Fidelity National Information Services Inc.'s Motion to Quash PrivaCash's Subpoena Duces Tecum, or, in the Alternative, for a 30 Day Extension to Respond to the Subpoena (Doc. #4), Non-Party Fidelity National Information Services' Motion for Leave of Court to File a Concise Reply to PrivaCash's Opposition to Its Motion to Quash PrivaCash's Subpoena Duces Tecum or in the Alternative for a 30 Day Extension to Respond to the Subpoena (Doc. #10), and PrivaCash's Response in Opposition to Non-Party Fidelity National

Information Services' Motion for Leave of Court to File a Concise Reply to PrivaCash's Opposition to Its Motion to Quash PrivaCash's Subpoena Duces Tecum or in the Alternative for a 30 Day Extension to Respond to the Subpoena (Doc. #14) have been filed between October 26, 2009 and November 24, 2009. The Court has reviewed the referenced filings, including all attachments.

Upon due consideration, the Court makes the following findings and rulings.

1. PrivaCash, Inc. (PrivaCash), is the plaintiff in the underlying lawsuit for patent infringement, currently pending in the Western District of Wisconsin.

2. On October 8, 2009, PrivaCash issued a lengthy subpoena to testify at a deposition and produce documents to the Movant Non-Party Fidelity National Information Services (FIS) (*see* Doc. 1-3). FIS was commanded to produce documents on October 27, 2009 and to appear for deposition on November 9, 2009. The subpoena was served on FIS on October 12, 2009 (Doc. #1-3) and outside counsel for the Movant FIS was retained on October 22, 2009 (Doc. #1-4). On October 23, 2009, counsel for FIS sought an enlargement of time in which to respond to the subpoena (*see* Doc. #1-3). FIS and PrivaCash were unable to reach an amicable agreement regarding the time within which to respond to the subpoena.

3. The time allotted for response to the challenged subpoena does not violate Fed. R. Civ. P. 45 *per se.* Rule 45(c)(3)(A)(i) provides specifically that the subpoena shall be quashed if "it fails to allow a reasonable time to comply." Although "reasonable time" is not explicitly defined in this section of Rule 45, other courts have looked to the language of Rule 45(c)(2)(B) to find fourteen days from the date of service is presumptively reasonable. *See, e.g., McClendon v. TelOhio Credit Union, Inc*, No. 2:05-CV-1160, 2006

2

WL 2380601 (S.D. Oh. Aug. 14, 2006). In this case, the production of documents *duces tecum* fell within one day of a fourteen day window. However, given the facts presented and the Movant's timely request for an enlargement of time to respond, the Court finds Plaintiff's reluctance to allow additional time to produce documents and to respond to the subpoena with proper objections was not reasonable. The Court declines to draw a distinction between responding to the subpoena and producing documents requested by the subpoena.

4. By virtue of the motion practice brought before this Court, Non-Party FIS has now had ample time to review the subpoena and formulate its responses. Accordingly, the Court will grant in part Non-Party Fidelity National Information Services' Motion to Quash PrivaCash's Subpoena Duces Tecum or in the Alternative, for a 30 Day Extension to Respond to the Subpoena (Doc. #1) and permit Non-Party FIS through December 20, 2009 to respond to the production of documents request contained within the subpoena and provide a Rule 30(b)(6) witness for deposition by January 6, 2010, unless the parties agree to a later date. Specific and well articulated objections to the sought documents, if any, shall be preserved, subject to further review by the Court.

5. The Request for Oral Argument (Doc. #2), which is docketed as a motion for the Court's consideration, is **DENIED**.

6. Non-Party Fidelity National Information Services' Motion for Leave of Court to File a Concise Reply to PrivaCash's Opposition to Its Motion to Quash PrivaCash's Subpoena Duces Tecum or in the Alternative for a 30 Day Extension to Respond to the Subpoena (Doc. #10) is **DENIED**.

3

7. The parties and FIS are encouraged to proceed with the sought discovery post haste and to cooperate in the spirit of professionalism established by the Bar of the Middle District of Florida.

**DONE AND ORDERED** at Jacksonville, Florida this 11th day of December, 2009.

Copies to all counsel of record
and *pro se* parties, if any

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge